█ ANITA RASK, Individually and as Guardian ad Litem of DEBORAH STANFORD, an Infant, Respondent, v. COUNTY OF NASSAU, Appellant, et al., Defendant.— In an action to recover damages for alleged malpractice, the defendant County of Nassau appeals from an order of the Supreme Court, Nassau County, entered February 2, 1965, which denied its motion for leave to serve a supplemental answer setting forth the defense of general release. Order reversd, without costs, and motion granted. On July 4, 1959 the infant plaintiff sustained a dislocation of the right hip as the result of an automobile collision. She claims that, because of subsequent negligence at a hospital operated by defendant County of Nassau, she sustained a necrosis of the right femur. On November 11, 1959 plaintiff instituted an action in New York County against the owner and operator of the automobile, in which recovery was sought for the original and the aggravated injuries. On June 13, 1960 an action was instituted in Nassau County against the county for the malpractice of the hospital. On February 13, 1962 the New York County action was settled and on February 20 general releases were delivered, which released only the owner and operator of the automobile. In January, 1965 the county learned for the first time of the settlement of the New York County action. The county then moved to amend its answer to plead the defense of general release. The Special Term denied the motion. In our opinion, the motion should have been granted. Whether the release delivered on February 20, 1962 to the owner and operator

of the automobile reserved plaintiff's rights against the county is immaterial. Defendants in the New York County action were not joint tort-feasors with the county (*Derby* v. *Prewitt,* 12 N Y 2d 100). Upon the trial the question of fact to be determined with respect to the settlement of the New York County action is whether such settlement actually constituted satisfaction of the damages caused *only* by the wrong of the defendants in that action, or whether the settlement was intended to be in satisfaction of all the damages caused by *both* the original and the subsequent tort-feasors. Plaintiff has the burden of proving that the settlement did not reflect full satisfaction of the original and the aggravated injuries. Plaintiff also suggests that the proper remedy of the county is to move to amend its answer to plead a defense of payment. Under the facts of this case, the granting of such relief would be the same as the relief hereby granted. Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.